WILSON TURNER KOSMO LLP
ELVIRA CORTEZ (275626)
NICOLE R. ROYSDON (262237)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: ecortez@wilsonturnerkosmo.com
E-mail: nroysdon@wilsoturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ISREAL DERAS,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-02903<br><br>**DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**<br><br>**[28 U.S.C. §§ 1332(a)(1), 1441, 1446 (DIVERSITY)]**<br><br>Trial Date: Not Set<br>Complaint Filed: February 21, 2025 |

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF ISREAL DERAS, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S. Code sections 1332, 1441(a), and 1446, Defendant Target Corporation ("Target") hereby removes this action from the Superior Court of the State of California, San Bernardino County (the "Superior Court"), to the United States District Court for the Central District of California, Eastern Division. Target submits the following statement of grounds for removal:

///
///

## I. THE REMOVED CASE

1. On February 21, 2025, Plaintiff Isreal Deras ("Plaintiff") filed a Complaint in the San Bernardino County Superior Court, entitled *Isreal Deras v. Target Corporation, et al.*, Case No. CIVSB2504449 ("State Action"). *See* Declaration of Elvira Cortez ("Cortez Decl.") at ¶ 2, Ex. A [Complaint].

2. Plaintiff asserts seven causes of action against Target, each pursuant to California law: (1) Disability Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Accommodate in Violation of FEHA; (3) Failure to Engage in the Interactive Process in Violation of FEHA; (4) Unlawful Retaliation in Violation of FEHA; (5) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (6) Discrimination and Retaliation in Violation of California Family Rights Act; and (7) Wrongful Termination in Violation of Public Policy. *See id.* at ¶ 2, Ex. A [Complaint].

## II. TARGET HAS SATISFIED ALL PROCEDURAL REQUIREMENTS

3. Target was served with the Complaint on October 2, 2025. *See* Cortez Decl. at ¶ 3. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading, setting forth the claims for relief upon which Plaintiff's action is based. Therefore, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The State Action was commenced on February 21, 2025. *See* Cortez Decl. at ¶ 3. This Notice of Removal is being filed within one year of the commencement of this action and is therefore timely filed pursuant to 28 U.S.C. § 1446(c).

5. Plaintiff initially filed this action in the Superior Court that sits within the Central District of California. *See* Cortez Decl. at ¶ 1. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, venue properly lies in this District.

///

6. Target filed its Answer in the Superior Court on October 22, 2025. *See* Cortez Decl. at ¶ 3, Ex. C. Pursuant to 28 U.S.C. §1446(a), copies of all process and pleadings for the State Action in Target's possession are filed concurrently as Exhibits A, B, and C to the Declaration of Elvira Cortez in support of this Removal.

7. Promptly after the filing of such notice of removal of a civil action, Target shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

### III.   THE DISTRICT COURT HAS DIVERSITY JURISDICTION

8. The Action meets the requirements of 28 U.S.C. § 1332(a)(1) and may be removed pursuant to 28 U.S.C. section 1441 because it is a civil action: (1) between "citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441.

#### A.   Diversity of Citizenship Exists.

9. Plaintiff conceded in the Complaint that he is, and was, a resident of the County of San Bernardino, California. *See* Cortez Decl. at ¶ 2, Ex. A, ¶ 1 [Complaint]. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of his domicile absent affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Given this, Plaintiff is a citizen of California.

10. Target is and was, at the time Plaintiff commenced the State Action, a corporation duly organized and existing under the laws of the State of Minnesota with its corporate headquarters in Minneapolis, Minnesota. Target's corporate headquarters is where the majority of its executive and administrative functions are performed, and where the majority of its corporate officers and executives are located. Thus, Target's principal place of business is in Minnesota. *See Hertz Corp. v. Friend*, 559 U.S. 77,

80-81, 92-93 (2010); see also *Lopez v. Target Corp.*, No. EDCV 11–1282 CAS (OPx), 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) (finding that Target's principal place of business is in Minnesota for diversity purposes). Given this, Target is a citizen of Minnesota. *See* 28 U.S.C. § 1332(c).

11. Therefore, given that Plaintiff is a citizen of California and Target is a citizen of Minnesota, complete diversity amongst the parties exists.[1]

**B.     The Amount in Controversy Requirement is Satisfied.**

12. Without admitting Plaintiff could recover damages, Target asserts that the amount in controversy in the Action exceeds $75,000, exclusive of interest and costs.

13. To determine the amount in controversy, a district court should first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy," *i.e.*, that the amount exceeds the threshold. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

15. Here, it is "facially apparent" that the amount in controversy exceeds $75,000, as Plaintiff expressly alleges he seeks more than that amount in his Complaint. In particular, Plaintiff prays for judgment for "economic and compensatory damages including lost wages and benefits according to proof, but believed to be in excess of $500,000.00." *See* Cortez Decl. at ¶ 2, Ex. A, p. 21:5-6 [Complaint]. In addition, Plaintiff prays for judgment for "non-economic and mental and emotional distress damages according to proof, but believed to be in excess of $500,000.00." *See* Cortez Decl. at ¶ 2, Ex. A, p. 21:7-8 [Complaint]. As such, Plaintiff's Complaint demands at least $1,000,000 in economic and non-economic damages and, thus, plainly demonstrates that the amount in controversy exceeds $75,000. Accordingly, the amount in controversy requirement is satisfied.

---

[1] Doe Defendants are disregarded when determining whether there is complete diversity between the parties. *See* 28 U.S.C. § 1441(b)(1).

## IV. CONCLUSION

For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332, and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

Dated: October 31. 2025          **WILSON TURNER KOSMO LLP**

By:  /s/ *Elvira Cortez*
     ELVIRA CORTEZ
     NICOLE R. ROYSDON
     Attorneys for Defendant
     TARGET CORPORATION